IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CASE NO. 4:12cr16.13 |
| | § | |
| DANIEL GEORGE JENSON | § | |

**REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE**

On January 8, 2013, the Court held a hearing on Defendant's Letter Motion for New Counsel (Dkt. 709) and Defendant's Motion for New Counsel and to Withdrawal Plea (Dkt. 712), the matters having been referred to the undersigned by the Honorable Richard A. Schell (*see* Dkts. 710 & 713).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and Defendant and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

At the hearing, Defendant argued that he believed that his attorney had advised him to accept a plea deal that was not as good as it could have been, that his base offense level was improperly

1

calculated, and that wanted to have entered into an 11(c)(1)(C) agreement but that his attorney advised him that was not being offered to him. Defendant now seeks new counsel and to withdraw his plea.

This Court warned Defendant of the consequences of pleading guilty at the plea hearing. Indeed, Defendant stated at the hearing that he read and understood the plea agreement and was voluntarily entering into it. When asked at the plea hearing whether he fully understood the factual basis of his plea, Defendant stated that he did and signed a factual statement to that effect. "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). The Court further addressed Defendant's desire for an 11(c)(1)(C) agreement at the plea hearing and the Government explained that such an agreement was not available. Defendant was also cautioned at the plea hearing that the District Court is not bound by the sentencing guidelines or the stipulations of the parties as to the offense levels. Defendant simply has not shown that the original plea was not knowingly and voluntarily entered into, as required by *Carr*.

The remaining *Carr* factors also weigh against Defendant. Although Defendant argued that his base offense level was improperly calculated, nothing in the record supports that, and he has not asserted any innocence as to his involvement in the drug-related conspiracy. Further, the Court finds that the Government would suffer prejudice if this motion to withdraw were granted. Defendant's co-defendants participated in a seven-day jury trial shortly after Defendant entered his plea and Defendant was removed from that trial setting based on his plea of guilty. Although Defendant's

2

motion was filed within a month of the District Judge's acceptance of his guilty plea such that there was no delay here, the fact that the matter has already been tried – utilizing Court and prosecution resources – weighs against him here.

As to his representation, Defendant's motions complain that he and his counsel have yelled at each other and disagreed about the entry of his plea and that he now seeks new counsel. Having heard from Defendant and counsel, however, the Court finds nothing to indicate that Defendant has not had close and effective assistance of counsel throughout the pendency of this suit. Counsel has appeared before the Court for a number of years and represents his clients well. A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources, and there are no compelling grounds before the Court to justify appointing new counsel at this juncture.

Because the plea cannot be withdrawn based on the *Carr* factors, Defendant should not be permitted to withdraw his plea of guilty in this case and there are no grounds for no new counsel. His motion should be denied in its entirety.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant's Letter Motion for New Counsel (Dkt. 709) and Defendant's Motion for New Counsel and to Withdrawal Plea (Dkt. 712).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of January, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE